IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO. 2:07cr255-MHT |
| ) | |
| MAURICE ANDERSON ) | |

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on October 26, 2007. The court finds that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant poses a danger to another person or to the community pending trial of this matter. Specifically, the court finds that defendant was engaged in a verbal altercation with his girlfriend, Porsha Abernethy, after midnight on October 16, 2007. Defendant banged on Abernethy's apartment door and created a disturbance that resulted in a 911 call from her mother, who was also present, to police. According to the mother, after the door was opened defendant took his finger, put it on Abernethy's head, and said told her to "get me my motherfucking clothes or I'm going to beat your ass," then slammed her cell phone against the wall. When defendant was asked to leave, he initially refused to do so – then left the apartment but remained outside. When police arrived, Abernethy and/or her mother told them that defendant had a gun in his vehicle, and police found an AK-47 style assault rifle, which defendant admitted was his, under the rear passenger seat. In an interview with law enforcement, the mother indicated that she fears the defendant and also fears for her daughter. Abernethy continues to be in a relationship with the defendant.

At the time of the October 16, 2007, incident, defendant was subject to conditions of release imposed on June 20, 2007 in a domestic violence case pending in Montgomery municipal court, and to a protection order issued by the Circuit Court of Montgomery County in a related civil matter on July 20, 2007 (effective for one year). The former recorded the finding of the court that defendant is a threat to Abernethy, and prohibited him from communicating with her with the intent to harass, and from possessing a firearm. The latter contained a finding by the court that defendant represents a credible threat to the physical safety of the plaintiff; prohibited him from, *inter alia*, contacting or communicating with plaintiff; and ordered him to stay away from her residence. Defendant was specifically ordered to surrender all firearms to the Montgomery County Sheriff's Department, and the order notes that at the time he admitted ownership of an AK-47 and small black handgun. Defendant's actions on October 16, 2007 violated both orders, as did his possession of the AK-47 style firearm.

Later on October 16, while still subject to the above-referenced orders, defendant attempted to regain possession of the firearm from the police department. When his request was denied, he said, according to the officer present on that date, either, "Fuck it, I'll get my gun," or "Fuck it, I'll get another gun." Later, when defendant was arrested for the instant offense, he was in possession of .40 caliber ammunition in his vehicle which would have fit a weapon other than the AK-47 style firearm.

The government presented evidence relating to several other domestic violence incidents in which defendant has been involved. On June 18, 2007, Abernethy reported to

2

police that defendant had come to her apartment and destroyed her personal property and taken other property from her apartment, that he had threatened her several times in the past, and that she was afraid to go back to her apartment. Abernethy provided a deposition under oath in support of a warrant in which she said, *inter alia*, that defendant was a threat to her, that he had threatened, in effect, to "beat her ass," and that he had said, "If you do sign a warrant on me I'm gonna shot [sic] at your ass every time I see your ass." She also said that when she went to get a warrant, she was informed by her friend that defendant was at her sister's house waiting for her to get there, that he was intoxicated, and that he "had guns in visible sight lying on the seat next to him." In addition, Abernethy previously filed a police report in August 2007 for theft of property, stating that defendant had stolen something off her vehicle and caused some damage to her vehicle.

On October 1, 2002, a complainant named Latasha Jackson reported under oath in an affidavit for a warrant that, after an argument, defendant threatened to come over "to kick my ass," then later pulled a gun from his truck and shot at her. Further, in a deposition made in support of domestic violence third degree charge,[1] another complainant, Robin Weston, said that defendant swung at her and punched a hole in the wall on October 22, 2005, and on the following day, pushed her around, grabbed her by the shirt, threw her against the front door, threw her around the house, slapped her face, threw her cell phone down and broke it,

---

[1] Although this deposition is incomplete – and the court has, accordingly, given it less weight – it appears to the court that the narrative portion of the deposition, which seems to be initialed at the end, is complete except for several missing words cut off in copying.

and snatched a chain from her neck.  Finally, police indicated that they received a verbal report of another domestic incident on October 2, 2007, although the identity of the complainant and the facts of the incident were not disclosed to the court.

Based on the foregoing – including defendant's failure to follow previous court orders restraining him from contact with the complainant and possession of firearms, his avowed intent either to get his weapon back or obtain another one, his failure to turn in the small black handgun previously in his possession, and his history of domestic violence – the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 31st day of October, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE