IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No.: 2:07cr255-MHT |
| | ) |
| MAURICE ANDERSON | ) |

### SENTENCING MEMORANDUM

### FACTS

1. In July of 2007, Ms. Porsha Abernathy obtained a protective order against Mr. Anderson. On October 22, 2007, Mr. Anderson was charged in a one-count indictment with the possession of a firearm while he was subject to that protective order. On October 23, 2007, Ms. Abernathy moved to have the protective order terminated. On October 25, 2007, Judge Patricia Warner granted that motion.

### DISCUSSION

2. In light of the Supreme Court's opinion in *United States v. Booker*, the sentencing court's determination of the appropriate sentence is no longer confined to a determination of the appropriate offense level, criminal history, and availability of authorized downward departures. Rather, under the post-*Booker* discretionary sentencing regime, the advisory United States Sentencing Commission, *Guidelines Manual*, (hereinafter "Guidelines") range is only one factor among several that this Court is required to consider in imposing a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). It is the sentencing statute, not the Sentencing Commission, which now governs the sentencing process.

3. The overriding principle and basic mandate of §3553(a) requires district courts to

impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). In determining the sentence minimally sufficient to comply with the purposes of sentencing, the court must consider several factors, which include, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed educational and vocational training. 18 U.S.C. §3553(a)(1) and (2). Moreover, under 18 U.S.C. §3661, *"no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." (emphasis added).

4. In fashioning an appropriate sentence for Mr. Anderson, he suggests that the Court should take particular note of several important factors. First, Mr. Anderson would like to emphasize to the Court that he has no criminal history. Paragraphs 38 through 40 of the Presentence Investigation Report (PSR) details three incidents under the heading of "Other Criminal Conduct." Mr. Anderson believes this information is, at best, misleading, and, at worst, unfairly paints an extremely distorted picture of several prior disputed incidents. For instance, the detailed facts of a complaint that Ms. Robin Weston lodged against Mr. Anderson are included in Paragraph 39–*even though Mr. Anderson was exonerated after a bench trial.* The truth of the matter in that case was that Ms. Weston attacked Mr. Anderson with a knife and that the police became involved in that incident because Rochelle Anderson, Mr. Anderson's mother, called the police to report that Ms. Weston had attacked Mr. Anderson. Hence, Mr. Anderson was *acquitted* after a bench trial.

5. Second, the six-level enhancement that Mr. Anderson has received under Guidelines §2K2.1(a)(4)(b), as detailed in Paragraph 23 of the PSR, is patently unreasonable. Mr. Anderson

receives this six-level enhancement because the rifle he owned had a clip that held more than 15 rounds of ammunition.  In other words, even though Mr. Anderson has no criminal history, he receives the same enhancement that another defendant would receive if that defendant had a prior felony conviction for bank robbery or for importing several thousand pounds of cocaine into the United States.  But for this enhancement, Mr. Anderson's base offense level would be 14, and not 20.  If Mr. Anderson were charged with bank fraud, for instance, he would have a base offense level of 14 if his fraud exceeded $400,000.  His base offense level would increase to 20 only when the amount of fraud exceeded $7,000,000.  Mr. Anderson contends that it simply strains credulity to conclude that his mere possession of a 30-round clip is the moral equivalent of committing a bank robbery, or trafficking in thousands of pounds of illegal drugs, or stealing $6,600,000.

6.	Mr. Anderson believes that it behooves the Court to consider the history of Guidelines §2K2.1(a)(4)(B).  The so-called "Assault Weapons Ban" (hereinafter "Ban") was signed into law by President William Clinton on September 13, 1994.  The law had a ten-year sunset provision and expired on September 13, 2004.

7.	Prior to the enactment of the Ban, §2K2.1(a)(4)(B) (Nov. 1994), provided for an increase in the base offense level from 14 to 20 for a defendant who possessed a firearm described in 26 U.S.C. §5845(a).  The firearms described therein include short-barreled shotguns, short-barreled rifles, machine guns, silencers and certain destructive devices, none of which are at issue in Mr. Anderson's case.

8.	After the enactment of the Ban, the Guidelines were revised so that §2K2.1(a)(4) also provided for an increase in the base offense level from 14 to 20 for a defendant who possessed a firearm described in 18 U.S.C. §921(a)(30), which was the Code section that described those firearms covered by the Ban.  *See* USSG §2K2.1(a)(4)(B) (Nov. 1995).  After the Ban expired in

2004, this language was removed from USSG §2K2.1(a)(4)(B), but not until November 2006. *See* USSG §2K2.1(a)(4)(B) (Nov. 2006). Of particular note is the fact that it took the members of the United States Sentencing Commission more than *two years* to get around to amending the Guidelines to reflect the expiration of the Ban.

9. Not content, however, to simply restore the language of USSG §2K2.1(a)(4)(B) to what was there prior to November of 1995, the members of the Commission instead added specific language to USSG §2K2.1(a)(4)(B). That Guidelines provision now provides that the base offense level increases from 14 to 20 for a defendant who was a prohibited person "if (i) the offense involved a *(I) semiautomatic firearm that is capable of accepting a large capacity magazine*; or (II) firearm described in 18 U.S.C.§5845(a) . . . ." The italicized language is the language that was added by the 2006 Amendments to the Guidelines, and which ensnares Mr. Anderson. The intent of the members of the Commission in adding this language to USSG §2K2.1(a)(4)(B) is abundantly clear: they sought to continue the enhanced penalties for citizens who possess what were temporarily-banned but now- perfectly-legal sporting weapons, even though Congress purposefully allowed the Ban to expire.

10. Mr. Anderson contends that this policy decision of the Sentencing Commission was badly flawed, and results in the disproportionately severe sentence enhancement at issue in this case. In fashioning an appropriate sentence in this case, this Court has the discretion to simply disagree with the Sentencing Commission on this issue. "[A]s a general matter, 'courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines.'" *United States v. Kimbrough*, 128 S.Ct 558, 570 (2007) (*quoting* Brief for United States at 16).

11. Finally, Mr. Anderson wishes to emphasize to the Court that he is being sentenced

for the mere possession of gun that he rightfully owned, period. There is no evidence that he used the gun in the commission of another offense, that he ever threatened anyone with the gun, that he ever pointed the gun at another person, or that he in any way used the gun in an unlawful manner. Under the circumstances of this case, a sentence within the calculated Guidelines range not only would not promote respect for the law, it would promote disrespect for the law. When considering all the factors set forth in 18 U.S.C. §3553(a)(2), a sentence of 24 months is simply much too much, and is "greater than necessary" to achieve the purposes of sentencing set forth therein.

     Dated this 5th day of March 2008.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Case No.: 2:07-mj-92-SRW |
| | ) |
| MAURICE ANDERSON | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew W. Shepherd, Assistant U. S. Attorney.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49